**BAKER, Plaintiff-Appellee, v. GRIFFIN, et., Defendants-Appellants.**

Ohio Appeals, First District, Butler County.

No. 919—Decided November 27, 1946.

Casper & Casper, for Plaintiff-Appellee.
Clinton D. Boyd, Hamilton, for Defendants-Appellants.

## OPINION

By ROSS, J.

This case was at first presented as an appeal upon questions of law and fact, but it appearing to be an appeal from

a final judgment in a proceeding brought under the provisions of §11,631, GC, and §11,634 GC, the Court reduces such appeal to an appeal upon questions of law. Although the original action was in chancery, the ancillary statutory proceeding to vacate upon other than equitable grounds is not a chancery proceeding.

The final decree of the trial court in the original action was vacated upon motion of the plaintiff. The ground upon which the Court vacated the decree does not appear in the entry of vacation, but the Court found that the "plaintiff has a valid cause of action and that said motion is well taken."

In the plaintiff's motion, it is stated:—

"Plaintiff, Clarence Baker, by his attorneys (and) moved to vacate the judgment heretofore rendered in this cause on the ground that there was irregularity in obtaining the judgment."

This is the only ground for vacation alleged in the motion.

From the Bill of Exceptions it appears that counsel for the defendant approached one of counsel for plaintiff with a request that he endorse the final entry, finding in favor of the defendants. Counsel for plaintiff, so approached, stated: "That he was not familiar with the case and that Casper & Casper were the chief counsel and would have to sign the entry as well as himself; that at the time counsel for defendants stated to Mr. Sullivan, that he would not present the entry to the Court until he first presented same to Mr. Casper; that counsel for defendants endeavored to present the entry to Mr. Casper on one occasion, but, upon failing to find him in the office, proceeded to have the Court approve the entry and without having first presented it to Mr. Casper. That because of this Mr. Casper did not learn of the judgment entry until after time for filing a motion for new trial had expired, and that later when he learned about the entry, he obtained the promise of counsel for defendants that he would waive any objection to filing a motion for a new trial," which motion was filed by plaintiffs, and later defendants filed a motion to strike such motion for new trial from the files.

The effect of the conditions imposed by the counsel signing the entry was to produce the same result as if the entry had not been signed, when those conditions were violated.

The rules of the Court of Common Pleas of Butler County provide:

## "RULE IX.

All entries shall be approved and signed by the Court before being filed with the Clerk. All counsel shall have the opportunity to present objections thereto before such approval."

## "RULE X.

Counsel for the party in whose favor an order, decree or judgment is rendered, shall on or before eight days thereafter, prepare, the proper journal entry and submit the same to counsel for the opposite party, who shall approve or reject the same within three days after its receipt by him. Counsel to whom such entry is so submitted may if he so desires, request of the Court an oral hearing on the entry. If counsel in whose favor and order, decree, or judgment is rendered fails to furnish a copy of the entry to the Court, the Court may put on its own entry, and if this entry is not objected to, then the entry so prepared by the Court shall be final and be filed with the Clerk of Courts."

Such "undisputed" facts show "irregularity" in obtaining the original final decree in favor of the defendants, and the Court committed no error in vacating such judgment under the provisions of §11,631, GC, and §11,634, GC.

The judgment of the Court of Common Pleas of Butler County is affirmed.

HILDEBRANT, PJ, MATTHEWS and ROSS, JJ, concur in syllabus, opinion and judgment.